DONETTA GIRARDO *vs.* WILMINGTON AND PHILADELPHIA TRAC-
TION COMPANY, a corporation existing under the laws of the
State of Delaware.

1. NEGLIGENCE—BURDEN OF PROOF—EVIDENCE.

One suing for a personal injury negligently inflicted has the burden of
proving negligence, for negligence is never presumed.

2. TRIAL—EVIDENCE—QUESTION FOR JURY.

The jury are the sole judges of the facts.

3. CARRIERS—INJURIES TO STREET CAR PASSENGERS—NEGLIGENCE—
PRESUMPTIONS—EVIDENCE.

A passenger, suing for injuries while attempting to alight from a street
car must establish by testimony the negligence charged, and the mere hap-
pening of the accident does not create a presumption of negligence in the
operation of the car.

4. NEGLIGENCE—NATURE AND ELEMENTS.

Negligence is the want of such care as a reasonably prudent, careful man
would use under similar circumstances.

5. CARRIERS—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE.

The contributory negligence of a passenger sustaining injuries while
attempting to alight from a street car will defeat a recovery.

6. CARRIERS—STREET RAILROADS—INJURY TO PASSENGER—CARE RE-
QUIRED.

A street railway company must stop its cars and wait a reasonable time
for passengers to alight or board them, and a failure to do so is negligence,
and it must also exercise all reasonable care to secure the safety of its
passengers.

7. CARRIERS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.

A passenger on a street car must act with reasonable care and prudence,
and use all reasonable care in alighting; and, where his negligence contributes
to an injury complained of, and is the proximate cause of the injury, no
recovery can be had.

8. CARRIERS—PASSENGERS—ACTIONS—EVIDENCE.

A passenger suing for injuries received while alighting from a street car,
on the ground that the car suddenly started forward, throwing the passenger
from the car, must, to recover, show by a preponderance of the evidence
that the accident was caused by the sudden starting of the car.

9. EVIDENCE—INSTRUCTIONS—"PREPONDERANCE OF THE EVIDENCE".

By "preponderance of the evidence" is meant the greater weight of the
evidence, and not the greater number of witnesses.

10. CARRIERS—PASSENGERS—INJURIES—CONTRIBUTORY NEGLIGENCE.

A street railway company seeking to defeat a recovery for injuries to a
passenger while alighting from a car, alleged to have been caused by the sud-
den starting of the car, must show, by a preponderance of the evidence, the
facts alleged in its answer, that it operated the car in the usual manner, and

that, while the car was in motion, the passenger stepped, without notice to the conductor, from the running board, and in so doing fell and was injured.

**11. TRIAL—EVIDENCE—QUESTION FOR JURY.**

Where there is a conflict in the evidence, the jury must reconcile it if they can, and if they cannot, they may believe the witnesses whom they deem most worthy of belief, considering their interest, bias, or prejudice, and their intelligence and opportunity to observe the facts.

**12. DAMAGES—PERSONAL INJURIES—ELEMENTS OF COMPENSATION.**

One sustaining a personal injury negligently inflicted is entitled to recover such an amount as will reasonably compensate her for the injuries sustained, including her pain and suffering, for any disability that has resulted from the injury, and for any expenditures or charge incurred by her for which she has made herself liable on account thereof.

(*March* 20, 1914.)

Judges BOYCE and CONRAD sitting.

*William G. Jones, Jr.*, for plaintiff.

*Andrew C. Gray* and *John F. Neary* (of *Ward, Gray and Neary*) for defendant.

Superior Court, New Castle County, March Term, 1914.

ACTION ON THE CASE (No. 78, November Term, 1913), to recover damages for personal injuries to the plaintiff, alleged to have been occasioned by the sudden starting up of a trolley car operated by the servants of the defendant company, at Fourth and Monroe Streets in the City of Wilmington, on the twenty-third day of June, 1913.

The plaintiff described the accident in substance as follows:

On the morning of the accident, when I got to Fourth and Monroe Streets, the car did not stop where it usually stops every morning. I got up from the seat and I told the conductor to stop the car, but he did not stop, only for about half a minute. I had one foot on the running board and the other foot just ready to step down on the ground and the car started, so it threw me down. I fell to the ground on my right side. And then I hardly remember anything. The conductor was one seat back of me. The conductor got my name and asked me if I was hurt, and said he was going to pay me.

The conductor testified that the regular stop of about half a minute was made on Monroe Street at its intersection with Fourth

Street, where several passengers got on and off the car; that he was standing on the rear platform; that the plaintiff made no signal and gave no indication that she wanted to get off before the stop was made at Fourth and Monroe Streets or afterwards, until the time of the accident; that after stopping at Fourth and Monroe he gave the bell to start the car and stepped down upon the running board ready to cut the signal light on the curve; that the car slowed down as it was approaching the signal light and the plaintiff, while the car was still moving, without giving any signal, stepped down on to the running board, caught hold of the grab bar with her right hand and stepped off the car facing me, and fell to the ground. When I saw her get down on the running board, I pulled three bells for the motorman to stop. I had no time to say anything to her, or chance to stop her getting off.

CONRAD, J., charging the jury:

Gentlemen of the jury:—The cause you are trying is an action brought by Donetta Girardo, plaintiff, against Wilmington and Philadelphia Traction Company, defendant, wherein the plaintiff seeks to recover damages for personal injuries alleged to have been caused by the negligence of the defendant on the twenty-third day of June, 1913, near the corner of Fourth and Monroe Streets in the City of Wilmington, while the plaintiff was in the act of alighting from a trolley car of the defendant company.

[1] The gist of the matter is negligence; unless the plaintiff has shown that the injury resulted from defendant's negligence she cannot recover. Negligence is never presumed, it must be proven as a fact in the case and the burden is on the plaintiff to prove negligence to your satisfaction before she can recover.

[2] It is not the province of the court to deal with the facts, the constitution of this state makes the jury the sole judge of the facts, and it is left to the court to charge or instruct you as to the law governing the case.

Actions for damages against street car companies have become frequent in recent years, so that the law touching such cases has become well settled, the main problem being to adapt the law to the facts in each case.

[3]   We want to caution you that because an accident happens to a passenger alighting from a street car, no presumption arises that the company operating the car is liable for the injury sustained.   In order to make the company liable it must be shown by sworn testimony that the company was derelict in its duty or negligent in its management.

[4]   Negligence is defined to be the want of ordinary care, that is, the want of such care as a reasonably prudent careful man would use under similar circumstances.   It is for you, gentlemen of the jury, to determine from the evidence whether there was any negligence that caused the accident, and if there was, whether it was the negligence of the defendant company.   To entitle the plaintiff to recover at all it must have been shown to your satisfaction by a preponderance of the evidence, that the negligence which caused the injuries complained of, if any there was, was the fault of the defendant company; and the jury must be further satisfied that the negligence of the defendant company, if any there was, which caused the plaintiff's injuries, was the negligence described in the plaintiff's declaration, that is, the sudden starting up of the car while the plaintiff was in the act of alighting therefrom.   Such negligence is not to be presumed but must be proved and the burden of proof is on the plaintiff.

[5]   If you are satisfied from the evidence, that the plaintiff was negligent herself, and that such negligence contributed to or entered into the accident, and was operating at the time, then the plaintiff cannot recover.   In such case the plaintiff would be guilty of contributory negligence and where there is contributory negligence the law will not attempt to measure the proportion of blame or negligence to be attributed to either party.

[6]   A street railway company in letting its passengers on and off its cars, is bound to stop its cars, and wait a reasonable time for the passengers to get on or off at its usual stopping places and a failure to do so would be negligence on its part.   It is also the duty of the company to exercise all reasonable care to secure the safety of the passengers.

[7, 8]   There is also a duty resting upon the passenger, who is in duty bound to act with reasonable care and prudence, and if

the negligent act of the passenger contributed to bring about and is the proximate cause of the injury complained of no recovery can be had. It is the duty of the passenger to use all reasonable care in alighting from a car. The plaintiff in this case charges in her declaration that while the car was either stopped or much reduced in speed preparatory to stopping and while she was preparing to alight therefrom the car suddenly started forward at an increased rate of speed whereby the plaintiff was thrown or jolted from the car. That is the allegation upon which the plaintiff bases her claim and relies for recovery and that is the act of negligence charged against the defendant company. In order for her to recover she must have satisfied you, by the preponderance of the evidence produced, that her injuries were caused by such sudden starting of the car. If the car was not suddenly started as charged, she cannot recover. This is necessarily so, as we have said there arises no presumption of liability on the part of the defendant from the mere fact that the plaintiff was injured.

Whether the car on the morning of the accident did or did not stop at the usual stopping place at Fourth and Monroe Streets, or whether the car so slowed up on the curve in going into Fourth Street as to invite the plaintiff to alight is peculiarly for your determination under the evidence in this case.

[9] By preponderance of evidence is meant the greater weight of the evidence, not the greater number of witnesses but the weight or strength of the testimony as given.

[10, 11] The defendant company pleads that it is not guilty of the negligence as charged, and contends that the car upon which plaintiff was riding on its regular trip northward on Monroe Street, stopped at the southerly side of Fourth Street, allowing for the taking on and discharge of passengers, this point being a regular stopping place; that the car then proceeded around the curve into Fourth Street, at a very moderate rate of speed, and that while the car was still in motion, the plaintiff stepped without notice to the conductor from the running board of the car and in so doing fell to the ground. If these facts as contended for by the defendant have been proven to your satisfaction by the pre-

ponderance of the evidence, your verdict should be for defendant. Where there is a conflict of evidence, as in this case, you must reconcile it if you can—that is you must weigh and sift and consider all the evidence, fairly and as reasonable men, and if possible reconcile it, but failing to reconcile it you may believe those witnesses which you deem most worthy of belief, taking into consideration the interest, bias or prejudice that witnesses may have in the outcome of the cause, and also the intelligence of the witnesses and their opportunity to observe the facts to which they testify.

[12]  If you find a verdict for the plaintiff it should be for such an amount as would reasonably compensate her for the injuries sustained, including her pain and suffering, for any disability that has resulted from her injuries, and also for any expenditures, or charge incurred by her, and for which she made herself liable for medicine or medical attendance required on account of the injuries received in said accident.

If you find that plaintiff is not entitled to recover, your verdict should be for defendant.

Verdict for defendant.